**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

| | |
|---|---|
| **THADDIUS WEBB** | **CIVIL ACTION NO. 05-467-P** |
| **VERSUS** | **JUDGE STAGG** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a petition for writ of habeas corpus filed by pro se petitioner Thaddius Webb ("Petitioner"), pursuant to 28 U.S.C. § 2254. This petition was received and filed in this Court on March 10, 2005. Petitioner is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana. He challenges his state court conviction. He names Warden Burl Cain as respondent.

On September 21, 1998, Petitioner was convicted of one count of first degree murder in the Louisiana First Judicial District Court, Parish of Caddo. Subsequently, he was sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. The Louisiana Second Circuit Court of Appeal affirmed his

conviction and sentence on January 26, 2000.  State v. Webb, 32,607 (La. App. 2 Cir. 1/26/00), 750 So.2d 479.  The Supreme Court of Louisiana denied writs of review on December 8, 2000.  State v. Webb, 2000-593 (La. 12/8/00), 775 So.2d 1078.

Petitioner alleges the following assignments of error in support of this petition:

(1) Counsel rendered ineffective assistance during trial.

(2) The grand jury selection process was unconstitutional.

(3) The grand jury foreman selection process was unconstitutional.

(4) The jury instruction regarding reasonable doubt was erroneous.

(5) The jury instruction and the Prosecutors's comments regarding principals were erroneous.

(6) He was denied the right to confront and cross-examine witnesses and to present a defense.

(7) His arrest was unconstitutional.

(8) His statement after his arrest should not have been admitted into evidence at trial.

(9) The Prosecutor admitted false testimony at the suppression hearing and trial.

(10) The police failed to preserve favorable defense evidence.

(11) He was incompetent to stand trial.

(12) The Prosecutor engaged in misconduct.

(13) The Prosecutor withheld Brady evidence.

(14) Counsel rendered ineffective assistance during the appeal process.

(15) The indictment was defective and counsel was ineffective for failure to file a motion to quash.

(16) The trial court admitted gruesome and prejudicial photographs.

(17) The evidence was insufficient to support his conviction.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. § 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of four possible dates, as follows[1]:

1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review";

2. the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action";

3. the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

4. the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1).

---

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations. See 28 U.S.C. § 2244(d)(2).

Therefore, in order to determine whether a petitioner has filed a timely application, the court must allow the petitioner one year from the most recent date provided by subsections (1) through (4). In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the Court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

On September 21, 1998, Petitioner was convicted of one count of first degree murder in the Louisiana First Judicial District Court, Parish of Caddo. Subsequently, he was sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. The Louisiana Second Circuit Court of Appeal affirmed his conviction and sentence on January 26, 2000. State v. Webb, 32,607 (La. App. 2 Cir. 1/26/00), 750 So.2d 479. The Supreme Court of Louisiana denied writs of review on December 8, 2000. State v. Webb, 2000-593 (La. 12/8/00), 775 So.2d 1078. Most federal courts have interpreted Section 2244(d)(1)(A) to provide that the state court judgment is nonetheless not final for habeas purposes until the ninety-day period for filing a writ of certiorari to the United States Supreme Court has run. See United States v. DeTella, 6 F. Supp. 2d 780, 781 (N.D. Ill. 1998) (rev'd on other grounds); Alexander v. Keane, 991 F. Supp. 329, n.2 (S.D.N.Y. 1998); United States v. Schomig, 1999 WL 1044176 at *4 (N.D. Ill. 1999). See also Caspari v. Bohlen, 114 S. Ct. 948, 953-54 (1994). The Fifth Circuit has said the same in what appears to be dicta. See Ott v.

Johnson, 192 F.3d 510 (5th Cir. 1999). Therefore, Petitioner's one-year period commenced ninety days after December 8, 2000 on March 8, 2001.

The federal petition currently before the Court was filed in this Court on March 10, 2005, mailed on March 9, 2005 and signed on March 1, 2005. Since the federal clock began ticking on March 8, 2001, and Petitioner had one full year in which to file his federal petition, Petitioner would have had to file this petition on or before March 8, 2002. This petition was not filed until March 2005 at the earliest, more than two years too late.

It appears that Petitioner's first state petition for post-conviction relief did toll his federal one-year limitation period, but that Petitioner is still untimely. See supra footnote 1. Petitioner's one year federal limitation period began on March 8, 2001 and continued until he filed his first state post conviction relief application in the trial court on June 28, 2001, encompassing approximately 112 days of the limitations period. From that point, the limitations period was tolled by Petitioner's first application for post-conviction relief until May 16, 2003, when the Supreme Court of Louisiana denied relief.[2] State ex rel. Webb v. State, 2002-KH-1720 (La. 5/16/03). Petitioner then had approximately 253 days

---

[2] This Court notes that the Louisiana Code of Criminal Procedure provides that a judgment on direct appeal becomes final when the delay (14 days from rendition of judgment) for applying for a rehearing has expired and no application for rehearing has been made. Art. 922. However, the Louisiana Code of Criminal Procedure provides no such provision for applications for post-conviction relief. Thus, even if this Court gave Petitioner the benefit of the doubt and applied the appellate provisions to his application for post-conviction relief, his petition would still be untimely.

to file his federal petition for a writ of habeas corpus in this Court. Petitioner did not file his petition in this Court until March 2005. Thus, the time in which the limitations period was running exceeded 365 days and Petitioner's federal habeas claim is time-barred.

Petitioner's second state application for post-conviction relief failed to toll the one-year limitation period. Petitioner mailed his second application for post-conviction relief on August 20, 2002. On March 4, 2004, the Louisiana Second Circuit Court of Appeal denied this application as time-barred by La. C.Cr.P. art. 930.8. State v. Webb, 38598-KH (3/4/04). In Pace v. Diguglielmo, 125 S.Ct. 1807 (4/27/05), the Supreme Court held that if a state court rejects a Petitioner's post-conviction relief application as untimely, it is not "properly filed" and he is not entitled to statutory tolling under Section 2244(d)(2). Thus, Petitioner's second application for post-conviction relief failed to toll the 1-year limitation period.

For the foregoing reasons, Petitioner's habeas petition should be dismissed because it is time barred by the one-year limitation period imposed by the AEDPA.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred by the one-year limitation period imposed by the AEDPA. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1/6/99).

## **OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 25th day of August 2005.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE